# CASES DETERMINED

IN THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

OCTOBER TERM, 1890.

JOHN D. KENNEDY, Respondent, v. THE ST. LOUIS.
RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, December 23, 1890.

Negligence: EVIDENCE HELD INSUFFICIENT. The evidence in this
action (which was one for injuries caused by the running over of a
child by a street car) considered, and *held* not to establish any
negligence on the part of the defendant.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

REVERSED.

*Smith P. Galt*, for appellant.

The court erred in refusing defendant's instruction
for a nonsuit, and erred in overruling its motion for
new trial, as there was no evidence to support the ver-
dict. Every part, and the whole of the testimony,
showed no negligence on the part of the driver of the

car. *Maschek v. Railroad*, 71 Mo. 276 ; *Dunn v. Railroad*, 21 Mo. 188 ; *Boland v. Railroad*, 36 Mo. 484 ; *Railroad v. Spearen*, 47 Penn. 300 ; *Railroad v. Hammel*, 44 Penn. 375 ; *Schultz v. Railroad*, 36 Mo. 32 ; *Isabel v. Railroad*, 60 Mo. 482 ; *Mahan v. Railroad*, 64 Mo. 274 ; *Meyer v. Railroad*, 6 Mo. App. 27.

*Dodge & Mulvihill*, for respondent.

There was no error in the trial court refusing to sustain the demurrer to the evidence at the close of plaintiff's case, as there was positive testimony of four witnesses, Alice Maude Kennedy, Eugene E. Woods, Charles Schmidt and Charles Weitzel, the driver, that he was looking towards the east or left at the time of the accident, and was thus not keeping that watch ahead, and not handling his team with due care and attention necessary in such cases. Where there are any facts established, from which the jury may reasonably draw inferences tending to sustain the issue, the court should not interfere. *Kelly v. Railroad*, 70 Mo. 604 ; *Weber v. Railroad*, 100 Mo. 194 ; *Summer v. Rogers*, 90 Mo. 324 ; *Dunkman v. Railroad*, 95 Mo. 244 ; *Petty v. Railroad*, 88 Mo. 306, and cases cited ; *Kelley v. Railroad*, 75 Mo. 138.

ROMBAUER, P. J.—In February, 1890, Alice, a girl ten years old, was run over by one of the defendant's street cars at a crossing on Broadway in the city of St. Louis, and was very seriously injured, whereupon her father, the plaintiff, instituted the present action to recover for the loss of her services, alleging that the injuries were caused by the negligence of the defendant's driver. The answer consists of a general denial, and the plea of contributory negligence. At the close of the plaintiff's evidence, the defendant requested the court to instruct the jury to find for the defendant, which the court refused to do. The trial resulted in a judgment for plaintiff, and the main error complained of by the defendant is the refusal of the above instruction.

The plaintiff's evidence was to this effect: Broadway runs north and south. The accident occurred at the intersection of that street with Madison street, which runs east and west, the street at that point being nearly level. The child herself testified that she was attempting to cross Broadway from east to west at a run. An ice wagon was on the east side of the street, and she ran behind it and upon the defendant's track. She did not see the mules of the street car until she reached the track; then she screamed and was knocked down immediately. She was right in front of the mules when she screamed, and screamed as soon as she got on the track. The driver was looking toward the river (to the east). The next thing she remembered was being carried home.

Other witnesses for plaintiff testified, that the defendant's car which was coming south was going at a lively gait. They heard the child scream, and saw the accident immediately thereafter. The car went from eight to ten feet from the time the girl screamed until it stopped. They estimated the distance between the girl, when she first came upon the track, and the head of the mules at from three to five feet. They all concurred that there were other wagons near the point of accident when it occurred. They also all concurred that the car came to a stop after its front wheels had passed over the little girl. No witness testified to any negligence in the stoppage of the car. One said: "It all occurred in a moment, it was not any time at all. The driver stopped the car as quick as he possibly could, I do not think anyone could stop it quicker." There was no evidence how heavily the car was loaded, and the only evidence as to the space in which it could possibly have been stopped was, that, "if a man was not overly excited, he could stop it in eight or ten feet of a dry track." There was some conflict in the evidence whether the track was dry or wet on that day. There was no evidence whatever that the driver did not use

Kennedy v. The St. Louis Ry. Co.

ever reasonable effort to stop the car in the shortest time practicable; but whatever evidence there was on that subject was directly the reverse.

This being in substance all of the plaintiff's evidence, we are clear that it presented no case showing any negligence on part of the driver, nor any facts from which the jury could reasonably infer such negligence. In *Boland v. Railroad*, 36 Mo. 484, the evidence was that a child two years of age was from three to five feet from the car when first discovered, and that persons kept hallooing to the driver, whose head was turned in another direction; that the horses were going at a very slow walk, and that, if the driver had been looking towards the child at the time, he could have stopped the car and saved the child. The supreme court held that a demurrer to the evidence was properly sustained. In *Maschek v. Railroad*, 3 Mo. App. 600, the evidence was that a boy three years old was running for the track about six feet ahead of the mules and four feet from the track; that the driver shouted, "Look out," "Hold on," or "Stop," and thereupon pulled back on the lines with such force that the tongue of the car went over the head of the mules. The entire car passed over the child before it was brought to a stop. There was a judgment for the plaintiff in the trial court, which was affirmed by this court on appeal on the ground, that the question of negligence under these facts was one for the jury. The supreme court reversed the judgment without remanding the cause, and Judge NAPTON, who delivered the opinion of the court, said: "The question of negligence in the driver must be solved by an answer to one or two questions. What did the driver do, which he ought not to have done, or what did he omit to do, which he ought to have done?" The same inquiry arises in the present case, and must meet with the same answer.

It seems from the argument of plaintiff's counsel that some evidence of negligence is claimed in proof of

the fact, that the driver immediately preceding the accident was looking east. It so happens that this is the very direction from which the child came. But suppose he was looking in a contrary direction, how can negligence be predicated upon the bare fact that the driver is looking in any particular direction at any particular moment. It is his duty to keep a diligent lookout both forward and to the right and left, but it is practically impossible that he should have his head turned towards three points of the compass at one and the same moment.

We think the purposes of justice are best subserved by not remanding this cause. All the judges concuring, the judgment is reversed.